CHEHARDY, Chief Judge.
A natural mother appeals a judgment terminating her parental rights to her daughter, T.B.
T.B. was born on August 4, 1985. Approximately six months later, in February of 1986, she was taken into the custody of the State of Louisiana with severe bums on her face, right palm and fingers, right elbow, buttock and labia majora. These injuries were suffered on or about February 13, 1986.
Carol Belvin’s parental rights to T.B. were terminated on May 29, 1987 pursuant to LSA-R.S. 13:1601(A), which provides in pertinent part:
“The court on its own motion may order that the district attorney petition, or the district attorney in his discretion may petition, for the termination of parental rights of the parent or parents of an abused, neglected, or other child within a juvenile court’s jurisdiction, when the grounds set forth in the petition meet all the conditions of Subsections A, B, C, D, E, or F, of this Section. * * *
A. (1) The abuse or neglect of the child by the parent or parents results from a crime committed against the person of the child or a crime committed against another child of the parent or parents or when a parent is an accessory to such a crime committed against the person of the child or another child of the parent or parents.
(2) The abuse or neglect of the child by the parent or parents consists of cmel and inhuman treatment which is below a reasonable standard of human decency.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.”
Ms. Belvin appeals this judgment arguing the State failed to meet its burden of proving LSA-R.S. 13:1601(A)(1) beyond a reasonable doubt and she was denied effective representation of counsel. We disagree.
On January 29, 1987, Carol Belvin was convicted of the crime of cruelty to a *1270 juvenile in violation of LSA-R.S. 14:93 by intentionally causing severe burns to T.B. on or about February 13, 1986. She was sentenced on May 20,1987 to imprisonment at hard labor for five years. She appealed that conviction, but subsequently dismissed the appeal.
Additionally, a crisis intervention investigator for the Office of Human Development testified that she observed the child’s injuries and verified that the photographs of the injuries which the State introduced were of T.B.
We find the evidence presented sufficient to prove beyond a reasonable doubt that the abuse or neglect of T.B. by Carol Bel-vin results from a crime committed against the person of T.B.
Ms. Belvin further contends she was deprived of due process and effective counsel because of the circumstances under which her case was tried.
Due process has never been precisely defined. It does, however, require the implementation of fundamentally fair procedures when a state moves to sever completely and irrevocably the rights of a parent in their natural child. U.S.C.A. Const. Amends. 5, 14; Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). “Applying the Due Process Clause is * * * an uncertain enterprise which must discover what ‘fundamental fairness’ consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake.” Lassiter v. Department of Soc. Serv. of Durham City, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
The United States Supreme Court has determined that the appointment of counsel is not constitutionally mandated in every parental termination proceeding. Lassiter, id. Therefore, LSA-R.S. 13:1602(C) goes beyond the minimal constitutional guarantee by requiring that an attorney be appointed by the court to represent the parent in a proceeding to terminate parental rights if the court determines that such parent is indigent.
This matter came before the trial court on May 29,1987. An attorney employed by the Indigent Defender Board represented Ms. Belvin. At trial, the State called a state OHD worker and Carol Belvin to testify. The State’s third witness, Dr. William Jansen, was unavailable until 2:15 that afternoon. Over objections by the mother's attorney, the court recessed until 2:15 and, in the interim, heard part of another case involving the termination of parental rights. Counsel for Carol Belvin was also appointed to represent the parents in this second termination trial.
When the trial resumed Ms. Belvin’s attorney sought to have the trial stayed in order to take writs. The court sustained the State’s objection to the stay order. Counsel for Ms. Belvin then moved to withdraw from the case contending he did not have the capabilities to alternate trials where a number of expert witnesses were involved. This, too, was denied.
Ms. Belvin contends it was impossible for her attorney to adequately represent her while going back and forth between the two cases.
While we understand counsel’s difficulty in handling two termination cases on the same day, we find that no prejudice to the natural mother has been shown.
For the foregoing reasons, the judgment of the trial court, terminating Carol Bel-vin’s parental rights to her minor daughter, T.B., is affirmed.
AFFIRMED.